CAMEO-PARKWAY RECORDS, INC. and Silver Plastics, Inc., corporations, Plaintiff,

v.

PREMIER ALBUMS, INC., Premier Albums of New Jersey, Inc., and Arrow Record Services, Inc., corporations, Defendants.

No. 66-Civ. 1292.

United States District Court
S. D. New York.

Nov. 6, 1967.

Martin J. Machat, New York City, for plaintiff.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, by Louis A. Craco, New York City, for defendants.

## MEMORANDUM

CROAKE, District Judge.

This is a motion under Rule 30(b), Fed.R.Civ.P., to vacate a notice of deposition. The moving party, plaintiff Cameo-Parkway Records, Inc. (hereafter CAMEO), avers that its deposition cannot be taken "by" J. Robert Griffeth because he is no longer an "officer, director, or managing agent," within the meaning of Federal Rule 26(d) (2). In opposition, defendants Premier Albums. Inc., et al. (hereafter PREMIER), argue that Griffeth's former position as president of CAMEO, his present identity of interest with CAMEO, and the fact that the deposition was originally noticed while Griffeth was undeniably an officer of CAMEO, all combine to require a reading of Rule 26(d) (2) similar to that of Judge Sugarman in Independent Productions Corp. v. Loew's, Inc., 24 F.R.D. 19 (S.D.N.Y.1959), where two former officers were held to be "managing agents" within the meaning of the rule.

PREMIER noticed the deposition of CAMEO by Griffeth on May 19, 1967. It is undisputed that at that time Griffeth was president and a director

of CAMEO. A series of delays in the taking of the deposition of Griffeth then ensued. First, at the request of CAMEO and for the purpose of permitting CAMEO to depose PREMIER by its chief executive, Phillip Landwehr, the attorneys for the parties entered into a stipulation pursuant to which the deposition of CAMEO by Griffeth was adjourned to July 5, 1967. Next, an order of Judge Bryan, dated July 10, 1967, stayed all proceedings until the completion of the deposition of William H. Bowen, another of CAMEO'S officers and a large stockholder. From July 17, 1967, when Bowen's deposition was completed, until July 31, when PREMIER renewed its requests to take Griffeth's deposition, the parties were engaged in settlement negotiations and thought perhaps Griffeth's deposition could be avoided entirely. Griffeth resigned from CAMEO on or about July 28. It was after PREMIER again began to press for Griffeth's deposition on July 31 that CAMEO took its present position that it could not be deposed by Griffeth because he was no longer an "officer, director, or managing agent."

CAMEO states that Griffeth is no longer in its control, is indeed hostile to CAMEO'S present management, and therefore cannot be directed to appear in New York for the taking of his deposition. In a letter to this court, dated October 20, 1967, CAMEO'S counsel affirmed Griffeth's refusal to appear voluntarily at CAMEO's request. In light of this, CAMEO fears the application of Rule 37(d), Fed.R.Civ.P., if the notice of deposition is not vacated. Rule 37(d) provides in part as follows:

> "If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or en-

ter a judgment by default against that party."

■ CAMEO should not be punished for Griffeth's failure to appear. It is less clear, however, that CAMEO should not be bound by Griffeth's testimony. Rule 26(d) (2) provides:

> "The deposition of a party or of any one who *at the time of taking the deposition* was an officer, director, or managing agent of a public or private corporation * * * which is a party may be used by an adverse party for any purpose." [Emphasis supplied.]

As Judge Sugarman stated in Independent Productions Corp. v. Loew's, Inc., supra, "the weaknesses of the 'plain meaning rule' have been so well and so thoroughly explained as to require no elaboration here." 24 F.R.D. 19 at 24. In this case, as in *Independent Productions,* there exists the possibility of Griffeth's having resigned in part to defeat being deposed as an officer of CAMEO. This fact alone would not necessarily make his testimony binding on CAMEO if that testimony is essentially hostile to CAMEO'S interest. "The purpose of Rule 26(d) (2) is to protect a party from the admissions of a disgruntled former employee." 24 F. R.D. 19 at 25; 4 Moore Federal Practice ¶ 26.29 (2d ed. 1966). But if a sufficient identity of interest does exist, CAMEO should not be permitted to extricate itself from Griffeth's otherwise binding testimony merely by having him resign during the pendency of his deposition.

■ There is no reason why the use to which Griffeth's deposition may be put at trial must be decided now. Whether Griffeth's "identity of interest" will be such as to bind CAMEO is a question of fact which the trial court can look at with benefit of the deposition itself. In the meantime, to avoid any question of the application of Rule 37(d), the notice of deposition of

CAMEO by Griffeth will be vacated and PREMIER will have to pursue Griffeth in his individual capacity.

Motion granted without prejudice to the use which may later be made of the testimony taken.

So ordered.